1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RONALD H. AMERSON,                                  No. C 11-0158 WHA (PR)

                Petitioner,                            **ORDER OF DISMISSAL**

   v.

RANDY GROUNDS, Warden,

                Respondent.

_____/

**INTRODUCTION**

      Petitioner, a California prisoner proceeding pro se, filed a petition for a writ of habeas

corpus pursuant to 28 U.S.C. 2254.  The petition challenges the denial of parole by the

California Board of Parole Hearings ("Board").

**ANALYSIS**

**A.**     **STANDARD OF REVIEW**

      This court may entertain a petition for writ of habeas corpus "in behalf of a person in

custody pursuant to the judgment of a State court only on the ground that he is in custody in

violation of the Constitution or laws or treaties of the United States."  28 U.S.C. 2254(a); *Rose

v. Hodges*, 423 U.S. 19, 21 (1975).  Habeas corpus petitions must meet heightened pleading

requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  An application for a federal writ

of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state

court must "specify all the grounds for relief which are available to the petitioner ... and shall

set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of

the Rules Governing Section 2254 Cases, 28 U.S.C. foll. 2254. "'[N]otice' pleading is not

sufficient, for the petition is expected to state facts that point to a 'real possibility of

constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d

688, 689 (1st Cir. 1970)).

**B.    LEGAL CLAIMS**

Petitioner claims that the denial of parole violated his right to due process because

there was not sufficient evidence of his current dangerousness. For purposes of federal

habeas review, a California prisoner is entitled to only "minimal" procedural protections

in connection with a parole suitability determination. *Swarthout v Cooke*, No 10-333, slip

op. at 4-5 (U.S. Jan. 24, 2011). The procedural protections to which the prisoner is

entitled under the Due Process Clause of the Fourteenth Amendment to the U.S.

Constitution are limited to an opportunity to be heard and a statement of the reasons why

parole was denied. *Id.* at 4-5. The parole hearing transcript attached to the petition makes

it clear that Petitioner received an opportunity to be heard and a statement of the reasons

parole was denied. The Constitution does not require more. *Id.* at 5. In *Swarthout*, the

Court explained that no Supreme Court case "supports converting California's 'some

evidence' rule into a substantive federal requirement." *Ibid.* It is simply irrelevant in

federal habeas review "whether California's 'some evidence' rule of judicial review (a

procedure beyond what the Constitution demands) was correctly applied." *Id.* at 6. In

light of the Supreme Court's determination that due process does not require that there be

any amount of evidence to support the parole denial, the petition fails to state a cognizable

claim for relief.

//

//

**United States District Court**
For the Northern District of California

# CONCLUSION

In light of the foregoing, the petition for a writ of habeas corpus is **DISMISSED**.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: February ___14___, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.11\AMERSON0158.DSM.wpd

United States District Court
For the Northern District of California

3